UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E.M.C., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:08-cv-612-WGH-LJM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING PLAINTIFF'S EAJA MOTION
### FOR AWARD OF ATTORNEY'S FEES

On April 28, 2009, Plaintiff filed an EAJA Motion for Award of Attorney's Fees. The court, having considered the motion, all filed documents and relevant law, and being duly advised, hereby **DENIES** the motion.

Under 28 U.S.C. § 2412, reasonable fees may be awarded to a plaintiff's counsel where: (1) plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. In this case, the only issue is whether the government was "substantially justified" in its position.

A position is "substantially justified" if it has a reasonable basis in law and fact. *Conrad v. Barnhart,* 434 F.3d 987, 989 (7th Cir. 2006). Here, the court determined that remand was warranted because Plaintiff's asthma appeared to meet Listing 103.03C. Specifically, the court determined that the objective

medical evidence revealed that Plaintiff did, in fact, appear to have "persistent low-grade wheezing." "Persistent" is not defined in the regulations. The court, therefore, relied on a decision by the Northern District of Illinois, *Honeysucker v. Bowen,* 649 F.Supp. 1155 (N.D. Ill. 1986), which concluded that "persistent" does not mean constant, but rather means "an impairment which stubbornly recurs despite efforts to treat or control it." Based on this definition of "persistent," the court concluded that the ALJ erred when he determined that Plaintiff did not have persistent low-grade wheezing.

While the ALJ's decision was in error, the court agrees with Defendant that, in this case, the Commissioner had a reasonable basis for defending the decision of the ALJ and arguing that Plaintiff's impairment did not meet Listing 103.03C. There is no Supreme Court or Seventh Circuit precedent with which to guide the Commissioner in determining whether or not an individual's wheezing is or is not persistent. While the definition of "persistent" in *Honeysucker* was persuasive to this court, it was not binding upon the Commissioner. Therefore, the Commissioner was free to argue that Plaintiff's wheezing did not rise to the level of severity necessary to meet Listing 103.03C. Under these circumstances, an award of attorney's fees under the EAJA is not warranted.

**SO ORDERED** this 11th day of June, 2009.

                                                                        _____
                                                                        WILLIAM G. HUSSMANN, JR.
                                                                        Magistrate Judge

**Electronic copies to:**

Patrick Harold Mulvany
mulvany@onet.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov